J-S30038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTONIO FLETCHER | |
| Appellant | No. 1972 EDA 2015 |

Appeal from the PCRA Order June 19, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0307251-1999

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                          **FILED MAY 12, 2016**

Antonio Fletcher ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

On March 4, 1999, Philadelphia Police Officers Jeffrey Walker and Brian Reynolds arrested Appellant and charged him with possession of a controlled substance with intent to deliver ("PWID"),[2] receiving stolen property,[3] possession of a controlled substance,[4] and unauthorized use of automobiles

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S. § 3925.

[4] 35 P.S. § 780-113(a)(16).

and other vehicles.[5]  On February 1, 2000, the Philadelphia County Municipal Court ("Municipal Court") found Appellant guilty of possession of a controlled substance and sentenced him to one year of probation.  Appellant did not file post-sentence motions or appeal the judgment of sentence, and his conviction became final on or about March 3, 2000.

In May 2000, Appellant participated in a bank robbery in Lawnside, New Jersey.  Appellant pleaded guilty and received a 10-year federal sentence of incarceration for the bank robbery.

As a result of this arrest and conviction, Appellant appeared before the Municipal Court on April 18, 2001 for a violation of probation hearing regarding his possession of a controlled substance conviction sentence. Despite the direct probation violation, the Municipal Court terminated Appellant's probation in light of his lengthy incarceration on the federal bank robbery conviction.

On October 30, 2003, Appellant filed a *pro se* PCRA petition ("first PCRA petition"),[6] which claimed he was unlawfully prejudiced in the underlying possession matter because that conviction had an adverse effect on his federal sentencing guidelines for his later bank robbery conviction.

---

[5] 18 Pa.C.S. § 3928.

[6] Appellant styled his filing "Collateral Motion to Vacate Sentence Pursuant to P.C.R.A. 42 PA C.S.A. (9541&9542)".

The PCRA court appointed counsel who filed a **Turner/Finley**[7] no merit letter on May 17, 2004, which explained 1) the first PCRA petition was untimely, 2) Appellant was no longer serving a sentence, and 3) the claims lacked merit. The PCRA court dismissed the first PCRA petition without a hearing in October 2004. Appellant did not appeal the dismissal.

Appellant filed the instant petition on May 23, 2013 ("second PCRA petition"), while incarcerated on charges unrelated to either the matter *sub judice* or the bank robbery. In his second PCRA petition, Appellant claimed that he was entitled to relief based upon newly discovered evidence, namely newspaper articles indicating that Philadelphia Police Officer Jeffrey Walker had been indicted on federal corruption charges involving theft, physical abuse, and planting and/or fabricating evidence. These articles, Appellant alleged, corroborated his allegation that the police had planted cocaine on him in the case *sub judice*, in an unsuccessful attempt to extort money from his then girlfriend. Appellant also claimed he was due relief despite no longer serving the sentence because his conviction in the matter resulted in a longer federal sentence in the bank robbery case.

_____

[7] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

The PCRA court appointed counsel[8] and conducted hearings on Appellant's second PCRA petition on January 9, 2015 and January 29, 2015. The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss the second PCRA petition on January 29, 2015, to which Appellant filed a *pro se* response on February 13, 2015. The PCRA court filed a second Rule 907 notice on April 2, 2015, and dismissed the second PCRA petition on June 19, 2015. Appellant filed a timely notice of appeal on July 1, 2015.[9]

Appellant raises the following question for our review:

> Did the PCRA court err in dismissing [Appellant's] petition for relief under the PCRA where [Appellant] was no longer serving a sentence at the time the petition was filed, or the order of dismissal was entered?

Appellant's Brief, p. 4.[10]

_____

[8] Counsel filed an amended PCRA petition on July 30, 2014, which noted that Officer Walker pled guilty in federal court to numerous crimes involving dishonesty.

[9] The PCRA court issued its Pa.R.A.P. 1925(a) opinion on August 17, 2015.

[10] We note that Appellant's appointed counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), which established the procedures and requirements for appointed counsel to withdraw in the context of a meritless direct appeal. Ordinarily in matters of meritless collateral attacks on criminal convictions, counsel will file a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1988) (*en banc*), and request to withdraw from representation. ***See Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa.2009) (outlining ***Turner***/***Finley*** requirements); ***Commonwealth v. Friend***, 896 A.2d 607, 614 (Pa.Super.2006) (same). Because a ***Turner***/***Finley*** no merit letter is the appropriate filing for a PCRA appeal that appointed counsel deems meritless, when counsel mistakenly
*(Footnote Continued Next Page)*

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

Initially, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. *Commonwealth v. Soto*, 983 A.2d 212, 213 (Pa.Super.2009); *see also Commonwealth v. Turner*, 80 A.3d 754, 765 (Pa.2013) ("due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). This is so even if the petitioner filed his PCRA petition during the pendency of his sentence. *See Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super.2009) ("As soon as his sentence is completed, the

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

files an *Anders* brief, we review such filing for compliance with *Turner*/*Finley*. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super.2004). In this case, however, because the form of counsel's filing does not alter the clear resolution of this matter discussed *infra*, we need not further discuss this irregularity or counsel's compliance with either *Anders* or *Turner*/*Finley*.

petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.").

Here, the trial court sentenced Appellant to one year of probation on February 1, 2000, for the possession of a controlled substance conviction from which Appellant now seeks relief. Appellant's sentence ended in early 2001.[11] As a result, Appellant is no longer eligible for PCRA relief. **See** **Soto**, **supra**. Accordingly, we affirm the PCRA court's order dismissing Appellant's petition.

Order affirmed. Counsel's Application for Withdrawal of Appearance granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/12/2016

---

[11] Appellant's federal bank robbery sentence has also expired. We note, however, that even if Appellant were still serving the bank robbery sentence, he would not be entitled to relief on the underlying, expired possession of a controlled substance conviction.